'24CV0172 BTM DEB

# EXHIBIT A

**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274
  E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB# 232387
  E-Mail: abluth@singletonschreiber.com
JOHN R. TERNIEDEN, SB# 330343
  E-Mail: jternieden@singletonschreiber.com
TRENT J. NELSON, SB# 340185
  E-Mail: tnelson@singletonschreiber.com
YUQING "EMILY" MIN, SB# 347239
  E-Mail: emin@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

**LAW OFFICES OF THOMAS LEARY, APC**
THOMAS A. LEARY, SB# 123792
3023 First Avenue
San Diego, California 92103
Phone: (619) 291-1900

Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/20/2023 at 05:01:37 PM
Clerk of the Superior Court
By Yuan Chiang, Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| AIDAN LARDIZABAL, an individual; and MAYRA ALEJANDRA PUENTES, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE VANGUARD GROUP, INC., a Pennsylvania corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 37-2023-00055108-CU-MC-CTL<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiffs Aidan Lardizabal and Mayra Alejandra Puentes, by and through their undersigned counsel, on their own behalf and on behalf of all other entities and persons similarly situated

1

PLAINTIFFS' CLASS ACTION COMPLAINT

(residents of California only) (collectively, "Plaintiffs"), sue The Vanguard Group, Inc. ("Vanguard") and DOES 1 through 100 ("Doe Defendants") (Vanguard and Doe Defendants are collectively referred to herein simply as the "Defendants") and for this Complaint, allege upon information and belief, and based on the investigation to date of their counsel, as follows:

### INTRODUCTION

1. This is a class action brought for the benefit and protection of Plaintiffs, and all other similarly situated consumers who are residents of California and who used, visited, and/or engaged in transactions via Defendants' website "investor.vanguard.com" (the "Site"), which states that "This Site is owned and operated by The Vanguard Group, Inc., and all of its subsidiaries and affiliates, including Vanguard Brokerage Services and Vanguard Marketing Corporation."

2. By way of this action, Plaintiffs, and all others similarly situated, seek damages, civil penalties, injunctive relief, public injunctive relief, and other relief necessitated by Defendants' unlawful and unfair actions in violation of California Civil Code section 1670.8. Plaintiffs on behalf of themselves and all others similarly situated seek an order permanently enjoining Defendants from engaging in these ongoing unlawful practices, and civil penalties and damages available under California law.

3. Because of the current power of the internet and social media platforms to publicize a company's offerings of goods or services—and the potential harm to corporate interests when negative consumer statements "go viral"—Defendants have a significant incentive to minimize the negative publicity they receive, including in the form of negative online reviews and comments. Some companies have gone so far as to attempt to prohibit customers and potential customers from making negative statements about the goods or services they offer, to the detriment of consumers, potential consumers, and the public of the State of California. Fortunately, California Civil Code section 1670.8 was enacted to protect the right of California consumers to voice their opinions, observations, and experiences about the products and services delivered or offered to California consumers, as well as the citizens of the State of California. The California Legislature reasonably and correctly determined that such freedom is important to keep the public informed and keep large corporations honest about the quality of the goods or services they offer to consumers.

4. Section 1670.8(a) provides as follows: "(1) **A contract or proposed contract** for the sale or lease of consumer goods or services **may not include a provision waiving the consumer's right to make any statement** regarding the seller or lessor or its employees or agents, or concerning the goods or services" and "(2) **It shall be unlawful to threaten or seek to enforce a provision made unlawful under this section**, **or to otherwise penalize a consumer for making any statement protected under this section**." Section 1670.8's protections are so important that the statute expressly provides that "**any waiver of the provisions of this section is contrary to public policy, and is void and unenforceable.**"

5. In order to use and benefit from Defendants' Site, visitors and users of the Site are informed that they must agree to Vanguard's Terms of Use (the "Terms"). The Terms specifically state that "By using this Site, you agree to follow and be bound by these Terms of Use, which govern your use of the Site…If you do not agree to these Terms of Use, do not use this Site."

6. While conducting substantial business with California consumers, the Conditions Defendants impose upon Vanguard's customers and prospective customers clearly violate Section 1670.8. By using the Site and agreeing to the Terms, Vanguard requires its customers and prospective customers to agree as follows: "You agree not to use the Site to:…submit, upload, post, e-mail, transmit, or otherwise make available any [statement or content] **that personally attacks or is derogatory toward Vanguard as an entity, Vanguard employees, any Vanguard products or services, or any Vanguard Materials**." The Site further forces users to agree not to use any of Vanguard's product or brand names "in any manner that disparages or discredits Vanguard." Vanguard threatens any customer or prospective customer that violates these terms by making a disparaging statement about Vanguard that his or her "rights…herein terminate immediately upon any violation…of these Terms of Use." In doing so, Defendants seek to silence their customers or potential customers from criticizing Defendants, their employees, their products or services, or any of their materials. This chilling activity is the precise conduct prohibited by Section 1670.8.

7. Defendants' conduct is unlawful, including among other reasons, because it is aimed to stifle California consumers' right to free speech, and the right of the California public to hear lawful discourse. Defendants' strong-arm tactics to silence injured parties were and continue to be

1    intentionally exercised to protect Defendants' self-promoting public image for commercial and
2    other benefits. Defendants' unlawful business practices, purposefully designed to maintain and
3    increase its consumers and prop up its stock price, all while denying public, consumers, and
4    potential consumers accurate information so that they may make informed decisions as consumers.

5          8.      By way of these provisions, Defendants seek to have Site users waive their right as
6    consumers to make negative statements regarding Defendants, or their employees, their products
7    or services, or any of their materials. These unlawful restrictions—imposed by Defendants against
8    their own customers and prospective customers—are an important component of Defendants'
9    business strategy, which relies upon the popularity of their product and service offerings to generate
10   significant revenues and profits. But Defendants' efforts to silence their customers and prospective
11   customers is clearly prohibited by California law, thereby subjecting Defendants to significant
12   penalties, as described herein.

13   **JURISDICTION AND VENUE**

14         9.      This Court has jurisdiction over the claims and causes of action asserted herein
15   because such claims arise solely and specifically out of Defendants' unlawful practices within the
16   State of California, and relate to at least one statute—California Civil Code section 1670.8—that
17   was designed to protect California's citizens, the application of which is exclusively a matter for
18   the courts of this State.

19         10.     Venue is proper in this Court because: Defendants transact business in California
20   and in the County of San Diego based on Plaintiffs' use of the Site in this County. Defendants have
21   committed unlawful acts in the County by and through the Site and associated business transactions
22   within the County; and a substantial part of the events giving rise to the claims alleged herein
23   occurred in this County, where at least one of the Plaintiffs resides.

24   **THE PARTIES**

25         11.     At all relevant times, Plaintiff Aidan Lardizabal was and has been a citizen of the
26   State of California and a resident of San Diego County. Mr. Lardizabal is an individual who used
27   and completed transactions on the Site within the applicable limitations period in San Diego County
28   in the State of California.

12. At all relevant times, Plaintiff Mayra Alejandra Puentes was and has been a citizen of the State of California and a resident of San Diego County. Ms. Puentes is an individual who used and completed transactions on the Site within the applicable limitations period in San Diego County in the State of California.

13. Defendants conduct business in the state of California with California citizens. Defendants develop, market, and disseminate a wide variety of financial services and products. Defendants operate in California and generate revenue through the Site in the form of, among other things, marketing products and services to consumers and charging its customers, including Plaintiffs, to complete transactions on the Site.

14. The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of the Doe Defendants, inclusive, and each of them, are unknown to Plaintiffs at this time, who therefore sues said Doe Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a Doe Defendant caused injuries and damages proximately thereby to Plaintiffs as hereafter alleged, and that each Doe Defendant is liable to Plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to Plaintiffs, and damages sustained by Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of said Doe Defendants when that same is ascertained.

## **FACTS COMMON TO ALL CLASS MEMBERS**

15. At all relevant times, Defendants were, and currently are, in the business of advertising, promoting, marketing, and selling financial products and services through the Site. The Site is targeted to, and accessible by, the citizenry of California.

16. Defendants are well-aware that their public image is vital to maintaining and gaining customers. If the public sees content posted by Site users that may be insulting to Defendants and/or any of their employees, products or services, or materials, then their current customers and/or prospective customers may shift to a competitor, ultimately resulting in loss of business and loss of revenue.

17. Thus, in order to maintain a positive public image, Defendants have engaged in an

intentional business strategy to silence each and every customer or potential customer by purporting to bind users to their Terms—immediately upon using the Site.

18. Specifically, By using the Site and agreeing to the Terms, Vanguard requires its customers and prospective customers to agree as follows: "You agree not to use the Site to:…submit, upload, post, e-mail, transmit, or otherwise make available any [statement or content] **that personally attacks or is derogatory toward Vanguard as an entity, Vanguard employees, any Vanguard products or services, or any Vanguard Materials**." The Site further forces users to agree not to use any of Vanguard's product or brand names "in any manner that disparages or discredits Vanguard." Vanguard threatens any customer or prospective customer that violates these terms by making a disparaging statement about Vanguard that his or her "rights…herein terminate immediately upon any violation…of these Terms of Use."

19. Site users use the Site to execute financial transactions and consider for purchase a wide variety of financial products and services, including without limitation brokerage services, stocks, bonds, mutual funds, CDs and other investment products.

20. Defendants have promoted and sold, and continue to promote and sell, financial products and services to California consumers through the Site.

21. Defendants forbid any California consumers who use the Site from making any "personal attacks" or "derogatory" statements about Defendants themselves, or any of their employees, products or services, or materials.

22. In doing so, Defendants have and continue to engage in unlawful conduct, that is contrary to public policy and in violation of California Civil Code section 1670.8.

23. Each of the Plaintiffs specifically identified herein, and millions more similarly situated persons in the State of California, have used the Site—either as consumers or potential consumers—and thus have ostensibly been subjected to the unlawful Terms.

**CLASS ACTION ALLEGATIONS**

24. Pursuant to California Code of Civil Procedure section 382, Plaintiffs bring this class action on their own behalf and on behalf of all other similarly situated consumers in California. The proposed class is defined as follows:

    a.  During the fullest period allowed by law, all persons residing in California who visited or used the Site or completed transactions on the Site ("Class").

25. Like Plaintiffs, all Class members are California residents who visited or used the Site or completed transactions on the Site and who were subject to the Terms that limit their right as consumers to make any statements regarding Defendants, their employees, their products or services, or any of their materials.

26. Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity; Defendants; and Defendants' subsidiaries, affiliates, officers, and directors.

27. The requirements of Code of Civil Procedure section 382 are satisfied for the proposed Class.

28. The proposed Class is so numerous that individual joinder of all the members is impracticable because members of the Class number in the tens or hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but are objectively ascertainable and will be determined through appropriate discovery and other readily available means.

29. Defendants possess objective evidence as to the identity of each Class member and, to a reasonable degree of certainty, the harm suffered by each Class member, including without limitation web traffic data evidencing visits to and/or transactions on the Site, sales receipts, phone numbers, names, rewards accounts data, credit card data, customer service complaint forms/emails/date, and other evidence which objectively identifies class members.

30. Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants.

31. There are common questions of law and fact affecting Plaintiffs and Class members. Common legal and factual questions include, but are not limited to:

    a. Whether each imposition of Defendants' Terms upon members of the Class constitutes a violation of the provisions of California Civil Code section 1670.8 and, if so, whether each such violation is a "willful, intentional, or reckless" violation;

b. Whether Defendants' Terms are unlawful, contrary to public policy, void and/or unenforceable;

c. Whether Class members are entitled to civil penalties; and

d. Whether, as a result of Defendants' misconduct alleged herein, Plaintiffs and Class members are entitled to injunctive, public injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

32. Plaintiffs' claims are typical of the claims of the proposed Class because the rights of Plaintiffs and Class members were violated in the same manner by the same conduct.

33. Plaintiffs and Class members are all entitled to recover statutory penalties and other relief arising out of Defendants' violations of statutory law alleged herein.

34. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

35. Plaintiffs' interests do not conflict with the interests of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in prosecuting class actions, and Plaintiffs intend to vigorously prosecute this action.

36. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members.

37. Given the relative value of statutory penalties available to any of the individual Class members, individual litigation is not practicable.

38. Individual Class members will not wish to undertake the burden and expense of individual cases.

39. In addition, individualized litigation increases the delay and expense to all parties and multiplied the burden on the judicial system. Individualized ligation also presents the potential for inconsistent or contradictory judgments.

40. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

41. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members. Injuries sustained by Plaintiffs and Class

members flow, in each instance, from a common nucleus of operative facts as set forth above.

42. In each case, Defendants' actions caused harm to all Class members as a result of such conduct. The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

43. Proposed Class counsel possesses the knowledge, experience, reputation, ability, skill, and resources to represent the Class and should be appointed lead counsel for the Class.

## COUNT I— VIOLATION OF CIVIL CODE SECTION 1670.8

44. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 43 of their Complaint. Plaintiffs assert this cause of action on behalf of themselves and all other similarly situated persons residing in California who used and/or completed transactions on the Site.

45. Defendants are in the business of marketing and selling financial products and services.

46. Plaintiffs and Class members visited or used the Site or conducted financial transactions on the Site.

47. Pursuant to the Terms, Defendants told Plaintiffs and the Class members that, among other things, they must agree to not "submit, upload, post, e-mail, transmit, or otherwise make available any User Content that personally attacks or is derogatory toward Vanguard as an entity, Vanguard employees, any Vanguard products or services, or any Vanguard Materials."

48. By simply using the Site, Defendants purport to have charged Plaintiffs and Class members with having read, understood, and agreed to be bound by the Terms.

49. By way of the restrictions alleged above, Defendants intentionally, willfully, or recklessly seek to have Plaintiffs and the Class members waive their right as consumers to make any disparaging statements regarding Defendants or their employees, products or services, or materials, which restriction is prohibited under California Civil Code 1670.8 and is contrary to public policy.

50. Defendants have repeatedly violated California Civil Code 1670.8 in relation to each of the Plaintiffs and Class members and their respective uses of or transactions on the Site.

51. Defendants' conduct has caused Plaintiffs and Class members to suffer harm.

52. Plaintiffs and Class members are entitled to injunctive relief, including public injunctive relief.

53. Plaintiffs and Class members are also entitled to civil penalties for Defendants' violations of Civil Code 1670.8.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative Class members, pray for judgment as follows:

a. Determining that this action is a proper class action and certifying the Class, as defined herein;

b. Appointing Plaintiffs as Class representatives;

c. Appointing the undersigned as Class counsel;

d. Finding Defendants liable to Plaintiffs and Class members for damages in such amount(s) as the Court or Jury may determine;

e. Awarding statutorily provided damages to Plaintiffs and Class members as appropriate;

f. Awarding pre- and post-judgment interest;

g. Awarding injunctive relief, including public injunctive relief, as claimed herein or as the Court may deem proper;

h. Awarding Plaintiffs, Class members, and Subclass members attorney fees and all litigation costs as allowed by law; and

i. Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: December 20, 2023                    SINGLETON SCHREIBER, LLP

By: _____
Christopher R. Rodriguez
Attorneys for Plaintiffs

|   |   |
|---|---|
| 1 |   |
| 2 | LAW OFFICES OF THOMAS LEARY, APC |
| 3 |   |
| 4 | By: _____ |
| 5 | Thomas A. Leary<br>Attorneys for Plaintiffs |

PLAINTIFFS' CLASS ACTION COMPLAINT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/20/2023 at 05:01:37 PM
Clerk of the Superior Court
By Yuan Chiang, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE VANGUARD GROUP, INC., a Pennsylvania corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AIDAN LARDIZABAL, an individual; and MAYRA ALEJANDRA PUENTES, an individual, on behalf of themselves and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court
Hall of Justice, 330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2023-00055108-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher R. Rodriguez, Singleton Schreiber, LLP, 1414 K Street, Suite 470, Sacramento, CA 95814, (916) 248-8478

DATE: 12/21/2023
*(Fecha)*

Clerk, by Y. Chiang, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*