IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIDAN LARDIZABAL and MAYRA ALEJANDRA PUENTES, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>THE VANGUARD GROUP, INC., et al. | CIVIL ACTION<br><br>NO. 24-1577 |

MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                     June 6, 2024

Plaintiffs Aidan Lardizabal and Mayra Alejanda Puentes, on behalf of themselves and all others similarly situated, bring a class action suit against Defendants the Vanguard Group, Inc. ("Vanguard") and "Does 1 through 100," alleging violations of California Civil Code § 1670.8. Defendant Vanguard (hereafter "Defendant") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion to dismiss is granted.

I.    RELEVANT FACTUAL BACKGROUND

The events giving rise to this case, as alleged by Plaintiffs in the Complaint, are as follows.[1] Plaintiffs are consumers and "all other similarly situated consumers" who are residents of California and who "used, visited, and/or engaged in transactions via Defendants' website

---

[1] This Court also considered the Online Terms of Use, attached to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, which is central to the allegations in Plaintiffs' Complaint. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (Courts may consider "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case") (internal quotations omitted).

1

'investor.vanguard.com' (the "Site"). [2] Compl. ¶ 1. Defendant is "in the business of advertising, promoting, marketing, and selling financial products and services through the Site." Id. ¶ 15.

To use Defendant's Site, visitors and users of the Site are informed that they must agree to Vanguard's Online Terms of Use. Id. ¶ 5. The Online Terms of Use state that "[b]y using this Site, you agree to follow and be bound by these Terms of Use, which govern your use of the Site…If you do not agree to these Terms of Use, do not use this Site." Id. Plaintiffs allege that the Online Terms of Use:

(1) State that "You agree not to use the Site to: …submit, upload, post, e-mail, transmit, or otherwise make available any [statement or content] that personally attacks or is derogatory towards Vanguard as an entity, Vanguard employees, any Vanguard products or services, or any Vanguard Materials."

(2) Require users to agree not to use any of Vanguard's "trademarks, service marks and trade dress … in any manner that disparages or discredits Vanguard."

Id. ¶ 6; ECF 14-3, Ex. B Online Terms of Use. Plaintiffs allege that, through these provisions, Defendant seeks to have Site users waive their right as consumers to make negative statements regarding Defendants, their employees, their products or services, or any of their materials. Id. ¶ 8. Plaintiffs allege that Defendants' efforts to silence their customers and prospective customers is prohibited by California law, and in particular, California Civil Code § 1670.8, discussed infra. Id. Plaintiffs allege that each of the named Plaintiffs—"and millions more similarly situated persons in the State of California"—have used the Site as consumers or potential consumers, and "thus have ostensibly been subjected to the unlawful [Online] Terms [Of Use]." Id. ¶ 23.

---

[2] Plaintiffs' proposed class includes "[d]uring the fullest period allowed by law, all persons residing in California who visited or used the Site or completed transactions on the Site ('Class')." Id. ¶ 24(a).

## II. PROCEDURAL HISTORY

Plaintiffs filed their Complaint on December 20, 2023 in the Superior Court for the State of California, County of San Diego. On January 25, 2024, Defendant removed this case to the United States District Court for the Southern District of California. ECF No. 1. On February 16, 2024, Defendant filed (1) a Motion to Change Venue Pursuant to 28 U.S.C. § 1404 and (2) a Motion to Dismiss for Failure to State a Claim. ECF Nos. 12-13. On March 8, 2024, Plaintiffs filed a Response in Opposition to Defendant's Motion to Dismiss. ECF No. 14. On March 26, 2024, Defendant filed a Reply. ECF No. 21. On April 15, 2024, this case was transferred to the United States District Court for the Eastern District of Pennsylvania and assigned to the undersigned. ECF No. 22.

## III. PARTIES' CONTENTIONS

### A. Defendant's Motion to Dismiss

Defendant makes four principal arguments in its Motion to Dismiss. ECF No. 13. First, Defendant argues that Vanguard's Online Terms of Use are not a contract "for the sale or lease of consumer goods or services[,]" which is a threshold requirement for Plaintiffs to state a claim for relief under Cal. Civ. Code § 1670.8. ECF No. 13 at 8. Defendant argues that the Online Terms of Use govern "use of the Site[,]" rather than the purchase of any consumer goods or services on the Site. Id. Defendant asserts that transactions with Vanguard are governed by the Vanguard Brokerage Account Agreement, which is a written agreement separate and distinct from the Online Terms of Use. Id. Defendant argues that even if the Online Terms of Use governed transactions with Vanguard, which it contends they do not, investment products and services ancillary to the sale of investment products do not constitute "consumer goods or services" in the context of the analogous Consumer Legal Remedies Act ("CLRA"). Id. Defendant argues that Plaintiffs do not

3

plead sufficient facts to establish that they purchased a "good or service" within the meaning of Section 1670.8 or what "good or service" they in fact purchased. Id.

Second, Defendant argues that, even if the Online Terms of Use are a contract for the sale or lease of consumer goods or services, no provision contained therein waives Plaintiffs' right to make statements regarding Vanguard. Id. at 8-9. Defendant asserts that the two provisions that Plaintiffs highlight govern (1) Plaintiff's use of Vanguard's website and (2) Plaintiffs' use of marks and trade dress, and that these provisions do not impede a consumer's right to make any statement because there is no platform on Vanguard's website that allow for visitors to post comments in the first instance. Id. at 9.

Third, Defendant argues that Plaintiffs lack statutory standing because they are not in the "zone of interest" protected by Section 1670.8. Defendant asserts that Plaintiffs fail to allege that they were penalized for making a disparaging comment or were prevented from or even considered making a disparaging comment. Id.

Fourth, Defendant argues, to the extent Plaintiffs bring a claim pursuant to Section 1670.8(a)(2), Plaintiffs' claim must fail because they do not plead that Vanguard ever attempted to enforce the Online Terms of Use against them or others.[3] Id.

### B. Plaintiffs' Response

In their Response, Plaintiffs argue that they have clearly alleged that Defendant's Online Terms of Use are a part of a "contract or proposed contract" for the sale of goods or services. ECF No. 14 at 13. Plaintiffs argue that Defendant's Online Terms of Use apply to all visitors or users of Defendant's website, Defendant's website advertises and offers a menu of financial products and services and invites consumers to purchase and use them, and the website provides customers

---

[3] Section 1670.8(a)(2) provides, "It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section."

4

access to these financial products.  Id.  Plaintiffs also assert that the Vanguard Brokerage Account Agreement contains references to the Online Terms of Use, thereby showing that Vanguard expects its consumers to actively use the Vanguard Site for transactions involving goods and services and for related account management.  Id. at 14.  Plaintiffs also dispute Defendant's assertion that investment products and services ancillary to the sale of investment products do not constitute "consumer goods or services," arguing that Section 1670.8 leaves the terms "goods and services" undefined, evincing an intent to have the law apply broadly to any consumer relationship.  Id. at 15.

Next, Plaintiffs argue that contrary to Defendant's assertion, Defendant's Online Terms of Use include a provision that waives the consumer's right to make any statement regarding the seller or lessor or its employees or agents or concerning the goods or services under Section 1670.8(a)(1).  They point to two allegations from the Complaint, arguing that the Online Terms of Use:

(1) Require customers to agree they will "not use the Site to … submit, upload, post, e-mail, transmit or otherwise make available any [statement or content] that personally attacks or is derogatory toward Vanguard as an entity, Vanguard employees, any Vanguard products or services, or any Vanguard Materials."  Compl. ¶ 6.

(2) Require users to agree not to use any of Vanguard's product or brand names, including the name Vanguard itself, "in any manner that disparages or discredits Vanguard."  Compl. ¶ 6.

Plaintiffs argue that they have standing to assert claims under Section 1670.8 because they have alleged that they "visited, used, or completed sales transactions on the Websites" and are therefore subject to the Online Terms of Use that limit their rights as consumers to make statements regarding Defendant or its employees, agents, and goods or services.  ECF No. 14 at 24 (citing Compl. ¶¶ 1, 5, 6, 25, 44-53).

5

Last, in light of Defendant's contention that Plaintiffs do not plead that Vanguard ever attempted to enforce the Online Terms of Use against Plaintiffs to state a claim under 1670.8(a)(2), Plaintiffs argue that the fact that subsection (a)(2) of Section 1670.8 also makes it "unlawful" for Defendant to threaten enforcement of the unlawful Online Terms of Use does not mean that, in order to violate the statute, Defendant must have violated both subsection (a)(1) and (a)(2). Id. at 22.

### C. Defendant's Reply

In its Reply, Defendant reiterates that Plaintiffs cannot establish that the Online Terms of Use are a "contract or proposed contract for the sale or lease of consumer goods or services" as required by Section 1670.8. ECF No. 21 at 7. Defendant further argues that Plaintiffs' Complaint alleges only that the Online Terms of Use are a "contract or proposed contract for the sale or lease of consumer goods or services," with no mention of the Vanguard Brokerage Account Agreement, and Plaintiffs cannot now amend their Complaint via their Response to bring their claims under the Vanguard Brokerage Account Agreement instead of the Online Terms of Use. Id. at 8-9. Defendant asserts, moreover, that the Brokerage Account Agreement requires Plaintiffs to bring their claims in arbitration. Id. at 9.

Defendant also argues that the Online Terms of Use do not constitute a sales contract because they do not contain the essential terms of a contract for the sale or lease of goods or services, including the specific good or service, the price agreed upon by the parties, or when the sale or lease is to occur. Id. at 11-12. Defendant reiterates that (1) Plaintiffs have not pointed to provisions in the Online Terms of Use waiving their right to make statements and (2) Plaintiffs have failed to establish they have statutory standing because they fall outside the "zone of interest" that Section 1670.8 seeks to protect. Id. at 12-14.

6

## IV. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that [she] has not alleged[,]"  Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

## V. DISCUSSION

California Civil Code § 1670.8 provides, in relevant part:

(a)
  (1) A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services.

  (2) It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section.

(b) Any waiver of the provisions of this section is contrary to public policy, and is void and unenforceable.

Thus, under the clear terms of the statute, Section 1670.8 applies only to contracts or proposed contracts for the sale or lease of goods or services.  Plaintiffs allege that they "used, visited, and/or engaged in transactions via Defendants' website," which is governed by the Online

7

Terms of Use.  Compl. ¶ 1.  Plaintiffs allege that Defendant's Online Terms of Use violate Section 1670.80, but Plaintiffs fail to allege any facts that show that the Online Terms of Use constitute a "contract or proposed contract for the sale or lease of consumer goods or services" under Section 1670.8.  See Quigley v. Yelp, Inc., 2018 WL 7204066, at *2 (N.D.Cal. Jan. 22, 2018) (dismissing Section 1670.8 claim where the plaintiff failed to allege that the defendants Media Matters or Yelp "sold or leased him a good or service (both are free services)"); see also Roldan et al. v. Bank of America, N.A. et al., 2024 WL 1430251, at *4 (C.D.Cal. March 19, 2024) (finding the plaintiffs' conclusory allegation that "Plaintiffs and Class members accessed, and/or used, and/or purchased goods or services from Defendants via the Services" insufficient to overcome dismissal of the Section 1670.8 claim where the plaintiffs do not allege what "good or services" were purchased).

Here, the Online Terms of Use govern the use of the website itself as opposed to the "sale or lease of goods," as required by Section 1670.8.  See ECF No. 14-3 at 3, Ex. B, Online Terms of Use ("By using this Site, you agree to follow and be bound by these Terms of Use, ***which govern your use of the Site***."  (emphasis added)).  The Online Terms of Use do not apply exclusively to those customers entering a contract or proposed contract with Vanguard; anyone who visits Vanguard's Site, including those who peruse the Site for informational purposes, is subject to these Online Terms of Use.[4]

Plaintiffs argue, as an attempted workaround this dispositive fact, that the Online Terms of Use are incorporated in Vanguard's Brokerage Account Agreement, which they contend is a "contract or proposed contract for the sale or lease of goods or services."  Yet Plaintiffs did not

---

[4] Plaintiffs' proposed class includes not just those customers who entered contracts or contemplated proposed contracts for the sale or lease of goods or services with Defendant, but rather "all other similarly situated consumers who are residents of California and who used, visited, and/or engaged in transactions via Defendants' website."  Compl. ¶ 1.

8

include any allegations in their Complaint regarding Vanguard's Brokerage Account Agreement, and thus this argument is unavailing. Since Plaintiffs have failed to adequately allege that Section 1670.8 applies here, this case must be dismissed.[5] Plaintiffs may amend their Complaint to replace their Online Terms of Use claims with Brokerage Account Agreement claims <u>unless</u> Plaintiffs are required to submit such claims to arbitration—as Defendant contends they are—thereby rendering amendment futile.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted without prejudice. An appropriate order follows.

O:\789.2023\Lardizabal v. Vanguard, 24-1577\24cv1577   Lardizabal v. Vanguard Memorandum re Motions to Dismiss.docx

---

[5] In light of the above holding, this Court need not consider Defendant's remaining arguments in favor of dismissal.